**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lightstone De Deus Express Trust, | No. CV-22-01497-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| Wells Fargo & Company, et al., | |
| Defendants. | |

Pending before the Court are Defendants' Motion to Dismiss (Doc. 6), Plaintiff's Request that the Court issue a writ of praecipe (Doc. 24) and Plaintiff's self-styled "Bill To Be Heard," which the Court construes as a Motion for Hearing or Conference (Doc. 25). The Court denies Plaintiff's Request and Motion for Hearing or Conference and will issue an order as to the Motion to Dismiss at a later date.

Request

In his Request, Plaintiff asks the Court to issue and serve a writ of praecipe ordering Defendants to show cause as to three perceived wrongdoings. (Doc. 6).

First, Plaintiff asks the Court to "command[] the Defendant[s] to explain why they have breached the contract with Plaintiffs stated in initial Bill of Complaint...." (Id. at 1). However, Defendants have already addressed Plaintiff's breach of contract claims in their Motion to Dismiss. (Doc. 6 at 2).

Second, Plaintiff asks the Court to order Defendants to show cause as to why Defendants have "not returned payments within 90 days as prescribed by Arizona law 47-

3311." (Id.) That state statute covers accord and satisfaction, which Defendants have addressed in their Motion to Dismiss. (Doc. 6 at 5-6).

Finally, Plaintiff asks the Court to order Defendants to show cause as to why they did not "follow Federal Rules of Civil Procedure Eight." (Id. at 1-2). Plaintiff appears to construe Rule 8(c)(1) as mandating that a defendant's responsive pleading must state affirmative defenses, including the statute of frauds, accord and satisfaction, and fraud. (Doc. 24 at 2). Plaintiff is mistaken. Defendants must only raise these affirmative defenses in their responsive pleadings if they plan on raising them at all. Here, Defendants do indeed raise a statute of frauds defense. (Doc. 6 at 2). Defendants do not raise the others presumably because they chose not to. They are under no obligation to raise the defenses listed under Rule 8(c)(1).

Bill To Be Heard

Plaintiff appears unaware the Defendants have submitted a responsive pleading (Doc. 26) to Plaintiff's complaint, which was filed in state court and removed by Defendants on September 6, 2022 (Doc. 1). Plaintiff's complaint will be addressed by this Court when it issues an order on Defendants' Motion to Dismiss. If Plaintiff desires an oral argument, he had the chance to request one when filing his Response to the Motion to Dismiss (Doc. 22), pursuant to Local Rule 7.2(f). Regardless, the Court does not see the need for an oral argument at this stage.

Accordingly,

**IT IS HEREBY ORDERED denying** Plaintiff's Request. (Doc. 24).

**IT IS FURTHER ORDERED denying** Plaintiff's Motion for Hearing or Conference. (Doc. 25).

Dated this 9th day of December, 2022.

_____
Honorable Stephen M. McNamee
Senior United States District Judge